/7328

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**08-21438-CIV-JORDAN/MCALILEY**

JOEL VARELA, and similarly situated
current or former employees,

 Plaintiff,

vs.

HOUSE OF DOORS, INC., a Florida
corporation, ABEL ALICEA, an
Individual,

 Defendants.
_____/



FILED by **JC** D.C.
ELECTRONIC

**May 19, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## COMPLAINT

Plaintiff, JOEL VARELA (hereinafter "VARELA" or "Plaintiff") and similarly situated current or former employees, by and through the undersigned counsel hereby sue HOUSE OF DOORS, INC., ("HOUSE OF DOORS") and ABEL ALICEA and state as follows:

### JURISDICTION AND VENUE

1. VARELA and similarly situated individuals bring this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, (hereinafter "the Act") to recover unpaid back wages, an additional equal amount as liquidated damages, reasonable attorneys' fees and costs and obtain injunctive relief.

2. Jurisdiction of this action is conferred upon the court by section 16 (b) of the Act, 29 U.S.C. § 216 (b) and 29 U.S.C. § 1132.

3. All acts or omissions giving rise to this dispute took place in the Southern District of Florida. All conditions precedent or administrative prerequisites have been met or have been waived.

4. Venue is proper pursuant to 29 U.S.C. § 1391 (b), in that (1) HOUSE OF DOORS' principal place of business is in Miami Dade County, Florida; (2) the individual Defendants reside in the Southern District of Florida and; (3) the events or omissions giving rise to this claim occurred in the Southern District of Florida.

**PARTIES**

5. VARELA, is an individual, a resident of Miami-Dade County, Florida and was an employee of Defendants.

6. At all times material to this Complaint, VARELA was an employee of Defendants who was non-exempt from the overtime provisions of the Act. VARELA consents to being a party-plaintiff in this action.

7. HOUSE OF DOORS, is a Florida corporation doing business in Miami-Dade County, Florida at all times relevant to this Complaint. Its principal place of business is in Miami Dade County, Florida.

8. Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of Section 3(b) and (j), respectively, of the Act, 29 U.S.C. § 203(b) and (j), while working for Defendants and at all times material to this Complaint.

9. ABEL ALICEA acted and acts directly in the interests of all corporate Defendants in relation to their employees. ABEL ALICEA is a part-owner of HOUSE OF DOORS and runs the day-to-day operations of HOUSE OF DOORS. Thus he was and is an employer within the meaning of Section 3(d) of the Act, 29 USC § 203(d).

10. By reason of the foregoing, Defendants were during all times hereinafter mentioned, each enterprises engaged in commerce or in the production of goods for commerce as

defined in Section 3(r) of the Act, 29 U.S.C. § 203(r) and 203(s).

## FACTUAL ALLEGATIONS

11. VARELA began working for Defendants on or about May 13, 2006.

12. VARELA and similarly situated employees were paid on a commission basis. VARELA was occasionally paid on a per-day basis when working Saturdays.

13. VARELA often worked more than forty (40) hours per week but was not paid time and half for those hours worked over forty (40) hours per week.

14. Similarly situated current or former employees often worked more than forty (40) hours per week but were not paid time and half for those hours worked over forty (40) hours per week.

15. VARELA is owed approximately $7,560 in overtime wages, which was calculated as follows:

> $560 (average weekly wage) ÷ 50 hours per week (average) = $11.20 per hour ÷ 2 = $5.60 (half-time rate owed) x 15 hours per week = $84 owed per week x 90 weeks = $7,560.

16. VARELA is also owed at least $4,666.60 in past wages and commissions, which Defendants failed to pay in December 2007 through March 2008. This is based on an average of a $560 weekly salary owed for the following weeks: December 21, 2007 through January 3, 2008, February 22, 2008 through February 27, 2008, and March 7, 2007 through March 20, 2008. In addition, VARELA's commissions owed were $1,209.09 and $657.51 for January and February 2008, respectively.

17. On April 3, 2008, VARELA, through his attorney, notified Defendants of the aforementioned claims, in writing, and made a good faith attempt to resolve this matter.

## COUNT I -- VIOLATION OF FAIR LABOR STANDARDS ACT
(FAILURE TO PAY OVERTIME WAGES)

18. VARELA and similarly situated current or former employees re-allege paragraphs 1 through 17 as if fully set forth herein.

19. Federal law, 29 U.S.C. §207(a)(1), states that "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at a rate of at least one and a half times the employee's regular rate."

20. At all times since the three years preceding the filing of this Complaint, Defendants willfully employed VARELA and similarly situated current or former employees in the aforesaid enterprise, in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce as described above, for many workweeks longer than 40 hours, and failed and refused to compensate VARELA and similarly situated current or former employees for such work in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed, contrary to the provisions of Section 7(a) of the Act, 29 USC § 207(a).

21. Defendants are each employers under the Act.

22. Defendants willfully and intentionally failed to pay VARELA and similarly situated current or former employees the statutory overtime rate as required by the laws of the United States as set forth above and remains owing their back wages.

23. As a result of the under payments of wages alleged above, Defendants are indebted to VARELA and similarly situated current or former employees in the amount of the unpaid overtime compensation. VARELA and similarly situated current or former employees

4

propose to obtain the necessary records and information to determine the amount of the underpayment to the VARELA and similarly situated current or former employees by appropriate discovery proceedings to be promptly taken in this cause.

WHEREFORE, VARELA, and similarly situated current or former employees, demand judgment awarding him and similarly situated current or former employees all such legal and/or equitable relief that will effectuate the purpose of the Act including but not limited to back pay and prejudgment interest, liquidated damages, reasonable attorney fees, pursuant to the Act, 29 U.S.C. § 216 (b), along with court costs, witness fees and other miscellaneous costs of the litigation, and any other relief that this court finds will reasonable under the circumstances. VARELA also requests retrospective and prospective injunctive relief pursuant to 29 U.S.C § 217 requiring Defendants to pay overtime owed to VARELA and an Order prohibiting Defendants from violating the FLSA in the future.

## COUNT II
### (VIOLATION OF FLORIDA'S UNPAID WAGES STATUTE)

35. VARELA re-alleges paragraphs 1 through 17 as if fully set forth herein.

36. Defendants' failure to pay Plaintiff commissions owed is violative of Florida's unpaid wages statute, Fla. Stat. § 448.08.

WHEREFORE, VARELA demands judgment against Defendants awarding him all relief that will effectuate the purpose of Fla. Stat. § 448.08, including but not limited to, recovery of all commissions and wages owed to him along with prejudgment interest, reasonable attorney fees pursuant to Fla. Stat. § 448.08, court costs, witness fees and other miscellaneous costs of the litigation, and any other relief that this court finds will reasonable under the circumstances.

## COUNT III

### (VIOLATION OF FLORIDA'S MINIMUM WAGE ACT)

37. VARELA re-alleges paragraphs 1 through 17 as if fully set forth herein.

38. Defendants' failure to pay Plaintiff his paycheck, as per ¶ 16, is violative of the Florida Minimum Wage Act, Fla. Stat. § 448.110.

WHEREFORE, VARELA demands judgment against Defendants awarding him all relief that will effectuate the purpose of Fla. Stat. § 448.110, including but not limited to, recovery of all wages owed to him along with liquidated damages, reasonable attorney fees pursuant to Fla. Stat. § 448.110, court costs, witness fees and other miscellaneous costs of the litigation, and any other relief that this court finds will reasonable under the circumstances.

## JURY DEMAND

VARELA demands trial by jury on all issues so triable.

Respectfully submitted,

GARY A. COSTALES, P.A.
1401 Brickell Avenue, Suite 825
Miami, Florida 33131
(305) 779-8102
(305) 373-2735 (facsimile)

_____
Gary A. Costales, Esq.
Florida Bar No. 0948829

6

**JS 44** (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE

May 19, 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## I. (a) PLAINTIFFS
Joel Varela, and similarly situated current or former employees

## DEFENDANTS
House of Doors, Inc., a Florida corporation, and Abel Alicea, an Individual

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

Dade  08-21438-civ-Jordan/McAliley

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Gary A. Costales, P.A.
Gary A. Costales, Esq.
1401 Brickell Ave. Suite 825
Miami, FL 33131

Attorneys (If Known)
Martin T. Schrier, Esq.
201 S. Biscayne Blvd., Suite 2000
Miami, FL 33131

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☑ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff | Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | State Statutes |
| | | ☐ 550 Civil Rights | Security Act | 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Action for overtime wages and commissions owed

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 5/12/08

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 980322  AMOUNT $ 350.00  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

05/19/08